**In the Matter of SOLAR EQUIPMENT CORPORATION, I. D. # 72–184763, Debtor.**

**Civ. No. 82–0191.**

United States District Court, W. D. Louisiana, Lake Charles Division.

April 26, 1982.

Joseph S. Cage, Jr., U. S. Atty., Shreveport, La., Steven L. Gremminger, Dept. of Justice, Tax Div., Washington, D. C., for plaintiff.

Maurice L. Tynes, Lake Charles, La., for defendant.

MEMORANDUM AND ORDER

VERON, District Judge.

This matter is before the Court upon an appeal by the United States from a Judgment entered by the United States Bank-

ruptcy Court for the Western District of Louisiana, Opelousas Division.

Based on the record before the Court on appeal, and for the reasons set forth below, the Court now grants the appeal of the United States.

## BACKGROUND

A hearing was held by the United States Bankruptcy Court in this matter on December 10, 1981 with respect to debtor's Motion to Dismiss, to Determine Tax Liability and to Continue Automatic Stay Order in Effect. Following that hearing, the Bankruptcy Court entered a Judgment on December 15, 1981. The Judgment dismissed the debtor's Chapter 11 petition without prejudice. It also provided that the automatic stay imposed under 11 U.S.C. § 362 "shall remain in effect only as against the Internal Revenue Service until a determination of debtor's tax liability is made" by the Bankruptcy Court. The United States thereafter timely commenced this appeal from that Judgment.

## OPINION

### I

THE BANKRUPTCY COURT LACKED SUBJECT MATTER JURISDICTION TO CONTINUE THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362 AGAINST THE UNITED STATES OF AMERICA AFTER DISMISSAL OF THE BANKRUPTCY CASE.

■ The threshold question presented to the Court for decision on this appeal is whether the Bankruptcy Court had subject matter jurisdiction to continue the automatic stay provisions of 11 U.S.C. § 362 against the United States after dismissal of the bankruptcy case.

Section 362(a) of Title 11, U.S.C., provides generally that the filing of a voluntary or involuntary petition pursuant to 11 U.S.C. §§ 301, 302, or 303 operates as an automatic stay against all entities from undertaking or continuing those acts enumerated in 11 U.S.C. § 362(a)(1) through (8).

Section 362(c)(2)(B) of Title 11, U.S.C., provides in pertinent part that the automatic stay imposed under § 362(a) continues in effect until "the time the case is dismissed."

The two foregoing statutory provisions clearly provide that when a petition pursuant to Chapter 11 is filed, an automatic stay comes into effect and continues in effect until the case is dismissed.

In the instant case, the Judgment entered December 15, 1981 dismissed the debtor's Chapter 11 petition in this matter. The said Judgment also provides that the automatic stay imposed under 11 U.S.C. § 362 "shall remain in effect only as against the Internal Revenue Service until a determination of the debtor's tax liability is made" by the Bankruptcy Court.

By the plain language of Section 362, the automatic stay continues in effect *only* until "the time the case is dismissed." Thus, having dismissed the Chapter 11 proceeding, the Bankruptcy Court relinquished its jurisdiction over the bankruptcy case. Put even more simply, once it dismissed the bankruptcy case the Court lacked jurisdiction to continue the automatic stay provisions of 11 U.S.C. § 362. See *Collier on Bankruptcy* para. 362.06 at 362–43, 44. Moreover, there is absolutely no statutory provision whereby Congress has authorized a Bankruptcy Court, once it has dismissed a case, to continue imposition of the automatic stay against the United States.[1]

### II

THE BANKRUPTCY COURT LACKS SUBJECT MATTER JURISDICTION, SUBSEQUENT TO THE DISMISSAL OF THE BANKRUPTCY CASE, TO DETERMINE THE FEDERAL TAX LIABILITY OF THE DEBTOR.

■ Under 11 U.S.C. § 505 the Bankruptcy Court is authorized to determine the

---

1. Indeed, all the authority is to the contrary. See, for example, H.Rep.No.95–595, 95th Cong., 1st Sess. 343–4 (1977); S.Rep.No.95-989, 95th Cong., 2d Sess. 54-5 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; Bankruptcy Rules 401, 601, 8–501, 9 4, 10-601, 11-44, 12-43, and 13-401.

tax liability of the debtor.[2] While the Bankruptcy Court admittedly is authorized in certain circumstances to determine the tax liability of the debtor, the Bankruptcy Court is not authorized and has no jurisdiction to make such a determination *after* its dismissal of the bankruptcy case. The authority cited and discussed *supra*, with reference to whether the Court has jurisdiction to continue the automatic stay after dismissal of the bankruptcy case, applies with equal force and dictates the conclusion that the Court lacks subject matter jurisdiction to determine the debtor's tax liability in this matter.

To hold otherwise would be contrary to the clear purpose of 11 U.S.C. § 505, which is to allow the Bankruptcy Court, for purposes of judicial efficiency and administrative convenience, to determine a debtor's (or an estate's or a trustee's) tax liability. Once a case is dismissed, there is no longer a bankruptcy estate. Concomitantly, there is no authority (or reason) for a Bankruptcy Court to continue the determination of a debtor's tax liability. In *Gardens of Cortez v. John Hancock Mutual Life Insurance Co.*, 585 F.2d 975 (10th Cir. 1978) at 978, the Court considered whether the Bankruptcy Court had jurisdiction to consider the debtor's counterclaim after dismissal of the debtor's petition. As the Tenth Circuit held, " * * * having dismissed the petition, the bankruptcy Court lost jurisdiction to proceed further with Cortez' counterclaim." In the case at bar, as in *Gardens of Cortez*, the Bankruptcy Court, having dismissed the debtor's petition, has no jurisdiction to proceed to determine debtor's tax liability.[3]

---

2. The authorization provided in Section 505 is always subject to the satisfaction of certain administrative and procedural requirements enumerated in the statute. Satisfaction of these requirements is not at issue in this appeal.

3. Moreover, a determination of tax liability by a bankruptcy court after its dismissal of a bankruptcy case would appear to be in direct contravention to 28 U.S.C. § 2201. That statute creates the remedy of declaratory relief by

## III

### THE BANKRUPTCY COURT LACKS JURISDICTION TO ENJOIN THE ASSESSMENT AND COLLECTION BY THE UNITED STATES OF AMERICA OF THE FEDERAL TAX LIABILITIES OF THE DEBTOR, SUBSEQUENT TO DISMISSAL OF THE BANKRUPTCY CASE.

■ The December 15, 1981 Judgment of the Bankruptcy Court expressly continues the automatic stay imposed by 11 U.S.C. § 362(a) only as against the United States. In effect, the said Judgment enjoins the United States from performing those acts proscribed by 11 U.S.C. § 362(a)(1) through (8), including any act to collect or assess tax against the debtor (Section 362(a)(6)).

Section 7421(a) of Title 26, U.S.C. (Internal Revenue Code of 1954) provides as follows:

SEC. 7421. PROHIBITION OF SUITS TO RESTRAIN ASSESSMENT OR COLLECTION.

(a) *Tax.*—Except as provided in sections 6212(a) and (c), 6213(a), 6672(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The December 15, 1981 Judgment in this matter achieves the exact result which Congress prohibited by enacting 26 U.S.C. § 7421. The Judgment is thus clearly void on this basis as well and should be reversed. See *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8

---

federal courts "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under * * * section 505 * * * of title 11 * * *." For the bankruptcy court to determine the debtor's tax liability after dismissing the Title 11 case would be analogous to its providing declaratory relief "with respect to federal taxes," without "a case of actual controversy within its jurisdiction" being present. Section 2201 of Title 28 would thus also absolutely bar the relief ordered in this matter.

L.Ed.2d 292 (1962); *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

## CONCLUSION

Based on the foregoing, the appeal of the United States is granted. Accordingly, the December 15, 1981 Judgment of the Bankruptcy Court is hereby reversed, and the case is hereby remanded to the United States Bankruptcy Court for entry of a judgment not inconsistent with this order.