**In the Matter of MCI, LTD. a/k/a Milwaukee Coin Industries, Ltd., Debtor.**

**Floyd A. HARRIS, Trustee, Plaintiff,**

v.

**David J. NUTTING, Jeffrey E. Fredericksen, and Bally Manufacturing Corporation, Defendant.**

**Bankruptcy No. 75–113.**

United States Bankruptcy Court,
E. D. Wisconsin.

May 3, 1982.

Samuel J. Recht, Quarles & Brady, Milwaukee, Wis., for plaintiff.

K. Thor Lundgren, Michael, Best & Friedrich, Milwaukee, Wis., for defendants.

## MEMORANDUM DECISION AND ORDER

C. N. CLEVERT, Bankruptcy Judge.

The defendants have moved to dismiss this adversary proceeding claiming that this court lacks jurisdiction and that the successor trustee lacks the capacity to sue them. The history of this bankruptcy case is as follows.

Creditors filed an involuntary bankruptcy petition against Milwaukee Coin Industries, Ltd. on January 21, 1975, under the National Bankruptcy Act (1898 Act). MCI was duly adjudged bankrupt on February 7, 1975, and a discharge was entered on May 29, 1975. Kenneth Murray was elected trustee and proceeded to liquidate the bankrupt's known assets, resulting in a 13.891% dividend to priority tax claimants. Murray was subsequently discharged from further service and the case was closed on June 15, 1977.

On January 27, 1981, after the Bankruptcy Code (Bankruptcy Reform Act of 1978, Pub.L. 95–598) went into effect, this court granted an application by Daniel N. Winter and Richard A. Gallum, the bankrupt's corporate directors, to reopen MCI's bankruptcy case to administer previously undiscovered assets and appointed Attorney Floyd Harris successor trustee. Several months later a combined notice and order for hearing were sent to MCI's creditors regarding a proposed arrangement between the trustee and MCI's former directors, for funding attorney's fees and costs incurred in pursuit of a lawsuit by the trustee in behalf of creditors. The hearing was held on May 27, 1981, and no one appeared other than the trustee and the applicants' attorney. Consequently, the litigation arrangement was approved without objection, and an order was filed on June 4, 1981.

Thereafter, Harris as trustee filed this adversary proceeding alleging fifteen causes of action including, inter alia, violations of the Sherman Act, trade secret theft and misappropriation. The defendants then filed a motion to dismiss the complaint on August 28, 1981, which challenged this court's personal and subject matter jurisdiction as well as the trustee's capacity to sue. The issues raised by that motion have now been briefed and are ready for decision.

\*     \*     \*     \*     \*     \*

The defendants have argued that the plaintiff erroneously relied on the provisions of § 1471[1] and § 1332(a)[2] of Title 28, United States Code, to invoke this court's jurisdiction over them and over this adversary proceeding. It is their belief that 28 U.S.C. § 1471 applies only to bankruptcy cases filed after October 1, 1979, the effective date of the Bankruptcy Code, and that § 403(a) of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, the so called savings

---

1. (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

2. (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State, and foreign states or citizens or subjects thereof; and

(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

clause, requires that this adversary proceeding be conducted in accordance with the 1898 Act.

The plaintiff, on the other hand, has argued that this adversary proceeding is part of a case commenced on January 27, 1981, with the reopening of the closed bankruptcy case and the appointment of a new trustee. Therefore, he has reasoned that the Bankruptcy Code applies to this case except for those matters regarding the substantive rights of the parties.

The court disagrees and notes that plaintiff's position is without any authority. The January 27, 1981, order revived the original bankruptcy as well as all the procedural and substantive rights affecting related proceedings. This conclusion is consistent with findings in the recent U. S. Supreme Court case of *Central Trust Co. v. Official Creditors' Committee of Geiger Enterprises, Inc. (In re Geiger)*, —— U.S. ——, 102 S.Ct. 695, 70 L.Ed.2d 542, 8 Bankr.Ct. Dec. (C.R.R.) 623, 5 Collier Bankr.Cas.2d (M.B.) 1085, Bankr.L.Rep. (CCH) ¶ 68,476 (1982). In *Central Trust Co.* the Supreme Court concluded that a Bankruptcy Court must proceed as if the Bankruptcy Code had not been enacted when ruling on a voluntary motion to dismiss a case commenced under the 1898 Act. Therefore, the Supreme Court reversed a lower court decision granting the bankrupt's motion to dismiss the case in order to permit refiling under the Code.

The majority opinion stated that "[t]he language of § 403(a) is unequivocal" and that there are no exceptions to its mandates. 102 S.Ct. at 696.

Section 403(a), Bankruptcy Reform Act of 1978, Pub.L.No.95–598, 92 Stat. 2683, reads:

A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to

such case, matter, or proceeding as if the Act had not been enacted.

In the words of Justice Stevens, with whom Justice Marshall joined, dissenting in *Central Trust Co.* :

That provision contains two commands relating to proceedings commenced prior to the effective date of the New Code; one command is procedural and the other is substantive. The procedural command requires that proceedings commenced prior to October 1, 1979, be conducted under the Bankruptcy Act. The substantive command requires that the rights of the parties in such proceedings continue to be governed by that statute. 102 S.Ct. at 698.

The Bankruptcy Code's legislative history as set forth in footnote one of the majority opinion, clearly supports the Supreme Court's interpretation of § 403(a).

"The first phase of transition begins on October 1, [1979], the primary effective date of the bill. On that date, the new substantive law of bankruptcy as proposed by the bill will be put into effect. It will apply to all cases commenced on or after October 1, [1979]. The application of the new law will only be to new cases, however. Cases commenced before October 1, [1979], will continue to be governed by the Bankruptcy Act, as in effect September 30, [1979], and by all other applicable laws in effect on that date. Those cases will proceed as though this bill had not been enacted." H.R.Rep.No.95–595, 95th Cong., 1st Sess., 287–288 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787, 6244.

The same report also states:

"[Section 403(a)] continues cases pending as of the effective date of the bill without change. The new law will not affect cases commenced under the old law. Those cases will proceed as though this Act did not take effect. The section applies to substantive as well as procedural matters." Id. at 459. 102 S.Ct. at 697, Footnote 1.

Since Bankruptcy cases are commenced by filing a petition and suits such as this

are "proceedings" within a case,[3] the law fully supports the defendants' argument that § 403(a) requires that this case be brought in accordance with the 1898 Act. Therefore, it must be determined whether this adversary proceeding is within the jurisdiction provided by § 23 of the Bankruptcy Act of 1898.[4] (formerly 11 U.S.C. § 46).

\* \* \* \* \* \*

■■ An enormous body of case law has developed over the years regarding the jurisdiction conferred upon bankruptcy courts by § 23 to the 1898 Act, with emphasis on issues concerning summary and plenary jurisdiction.[5] This case is proof that those issues are alive and well. Nevertheless, this court will resist any foolish desire it may have to further muddy the murky waters which have heretofore failed to bury the dispute. Therefore, the court simply finds

that the complaint betrays the trustee's plea for this court to exercise summary jurisdiction in this case. In the absence of the defendant's consent to this court's jurisdiction as provided by § 23(b) of the 1898 Act and in the face of the defendants Nutting and Fredericksen's alleged record ownership and subsequent assignment of U.S. patent No. 576,980 to defendant Bally Manufacturing (complaint paragraphs 39–41) this court finds that it does not have summary jurisdiction over this adversary proceeding and that plaintiff must commence suit in a court of appropriate jurisdiction. Therefore, this case is dismissed.

---

3. Rule 101. Fed.R.Bank.P.

A bankruptcy case is commenced by filing a petition with the court by or against a person for the purpose of obtaining his adjudication as a bankrupt.

Advisory Committee's Note

A proceeding initiated by a petition for an adjudication under the Bankruptcy Act is designated a "bankruptcy case" for the purpose of these rules. The term embraces all the controversies determinable by the court of bankruptcy and all the matters of administration arising during the pendency of the case. This usage of the word "case" conforms to that employed in many provisions of the Bankruptcy Act. See e.g., §§ 22, 32, 39b, 40c, 42, and 59d [sections 45, 55, 67(b), 68(c), 70, 5(d) of this title]. The word "proceeding" as used in these rules generally refers to a litigated matter arising within a case during the course of administration of an estate. See particularly Rule 703, The rule assumes the continuing applicability of the definition of "petition" in § 1(24) of the Act [section 1(24) of this title], but as used in the rules in this title, the word refers to the document commencing a bankruptcy case. The place of filing a petition is more fully particularized in Rule 509.

4. § 23. Jurisdiction of United States and State Courts.

a. The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this Act, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had

been between the bankrupts and such adverse claimants.

b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant, except as provided in sections 60, 67, and 70 of this Act.

5. It is well established that the bankruptcy court may summarily adjudicate claims pertaining to property in its actual or constructive possession. *Katchen v. Landy*, 382 U.S. 323, 327, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1966). If, however, the property is in the actual or constructive possession of a third person asserting a bona fide adverse claim, the bankruptcy court cannot summarily determine the rights of that person in the property, unless by that person's consent. 2 *Collier on Bankruptcy*, supra, 23.04 at 453 -56.

"But the mere assertion of an adverse claim does not oust a court of bankruptcy of its jurisdiction. It has both the power and the duty to examine a claim adverse to the bankrupt estate to the extent of ascertaining whether the claim is ingenuous and substantial. Once it is established that the claim is not colorable nor frivolous, the claimant has the right to have the merits of his claim passed on in a plenary suit and not summarily. Of such a claim the bankruptcy court cannot retain further jurisdiction unless the claimant consents to its adjudication in the bankruptcy court."

*Gorenz v. State of Illinois Dept. of Agriculture (In re Gorenz)* 653 F.2d 1179, 1181 82, 7 Bankr. Ct.Dec. (C.R.R.) 1267, 1269 70 (7th Cir. 1981).