**In re Daniel M. MILLER, Debtor.**

**Debra J. HUND, Plaintiff,**

v.

**Daniel M. MILLER, Defendant.**

**Bankruptcy No. 580–1739.**
**Adv. No. 581–0094.**

United States Bankruptcy Court,
N.D. Ohio.

Jan. 23, 1984.

Debra Hund, pro se.

**1.** 11 U.S.C. Section 523(a)(5) provides as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

Harold Corzin, Akron, Ohio, for debtor.

## FINDING AS TO MOTION TO VACATE ORDER

H.F. WHITE, Bankruptcy Judge.

On November 4, 1980, Daniel M. Miller, filed a petition under Chapter 7 of the Bankruptcy Code. In due time, his former spouse, Debra J. Hund, commenced an adversary proceeding against him to determine the dischargeability of a debt. The debt in question stemmed from a separation agreement between the parties under the terms of which Mr. Miller agreed to pay the second mortgage on the marital residence. The agreement further provided that if the residence were sold, Mr. Miller would continue to make said payments directly to his former spouse. On February 22, 1982, this Court issued its finding and order that the debt in question was for support and maintenance, and hence, nondischargeable.[1] *In re Miller,* 17 B.R. 773 (Bkrtcy.N.D.Oh.1982).

On July 5, 1983, after successfully moving to reopen his bankruptcy proceeding, Mr. Miller filed a motion requesting this Court to vacate its order in Adversary Proceeding No. 581–0094 that his debt to his wife was nondischargeable. The Court finds that the motion is not well taken and should, therefore, be denied.

This Court's authority to vacate its judgment derives from Federal Rule of Civil Procedure (FRCP) 60. FRCP 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence,

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . .

surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

Mr. Miller cites clause (6), "any other reason..." as the basis for his motion.

For his "other reason", Mr. Miller's brief in support of his motion, discusses facts which he recently discovered. Mr. Miller alleges that his former wife "netted" over $20,000.00 from the sale of the marital residence; that she was remarried; and that she is being supported by her new husband.

■ It is apparent that these allegations fall under clause (2) of FRCP 60(b), "newly discovered evidence". The language of Rule 60(b) is clear, however, that a motion based on clauses (1), (2), or (3) must be brought within one year from the date the order was entered. The Court entered its order that the debt was nondischargeable on February 22, 1982. Mr. Miller did not file his motion until July 5, 1983, more than one year later. Thus, Mr. Miller's motion is barred by the very terms of the rule he invokes.

■ It is well settled that a party cannot circumvent the one-year limitation of FRCP 60(b)(1)–(3) by invoking the "any other reason" clause of FRCP 60(b)(6). See e.g. *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed.2d 207 (1950); *Gulf Coast Building & Supply Co. v. International Brotherhood of Electrical Workers, Local No. 480,* 460 F.2d 105 (5th Cir.1972).

The facts alleged by Mr. Miller appear to have been in existence at the time the adversary proceeding was pending before this Court. It is unfortunate that Mr. Miller may not have had knowledge of these facts in time to present them to the Court. This does not warrant the Court's disregard of the rule, however. These allegations clearly fall within the scope of FRCP 60(b)(2). As such, they are barred by the one-year statute of limitations of that rule. To the extent, therefore, that Mr. Miller's motion is based on this newly discovered evidence, said motion must be denied.

Mr. Miller's motion can also be read as a request to this Court to modify the alimony award. His brief cites numerous state law cases for the proposition that alimony awards can be modified in the light of changed conditions. This Court does not dispute this proposition, but this is not the proper court to modify an alimony award.

■ The Court's order of February 22, 1982 did not award Debra J. Hund any alimony. Nor did it award her maintenance and support. It only construed the separation agreement and divorce decree of the parties and found that Mr. Miller's obligations thereunder were nondischargeable. A Bankruptcy Court does not have jurisdiction to award alimony, maintenance, or support. These are subjects of state law, beyond the embrace of federal bankruptcy jurisdiction. *A fortiori,* a Bankruptcy Court does not have jurisdiction to modify such an award, except to determine the dischargeability thereof under the Bankruptcy Code. See *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983).

■ A Bankruptcy Court's jurisdiction in these matters is limited to deciding whether an obligation in the nature of alimony, maintenance, or support, in connection with a divorce decree or agreement between the parties, is dischargeable. Upon a proper showing, such a decision can be vacated or modified. A Bankruptcy Court lacks jurisdiction, however, to modify or vacate the underlying divorce decree or agreement.

For the foregoing reasons, the motion of Daniel M. Miller to vacate this Court's order of February 22, 1982 in Adversary Proceeding No. 581–0094 should be denied.