**In re PRESIDIO BRIDGE CO.,
INC., Debtor.**

**Bankruptcy No. 90–30634.**

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

Jan. 22, 1991.

ORDER DISMISSING MOTION FOR
LACK OF BANKRUPTCY COURT
JURISDICTION

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the Motion of the UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF TRANSPORTATION WHICH INCLUDES THE UNITED STATES COAST GUARD, TO REOPEN CASE.

The United States seeks to reopen a *closed bankruptcy case* in order to file a motion to lift the automatic stay of the Bankruptcy Code. *See* 11 U.S.C. § 362(a). The United States desires to remove the remaining half of a bridge, which bridge was apparently owned at one point by the debtor, which originally crossed the United States–Mexico border from Presidio, Texas to Ojinaga, Mexico. The United States is concerned about the potential violation of 11 U.S.C. § 362(a).

The automatic stay of Section 362(a) "continues until ... the time the case is closed...." 11 U.S.C. § 362(c)(2)(A). "It is axiomatic that the bankruptcy court is divested of jurisdiction over property of the estate and disputes relating to that property once the bankruptcy case is closed." *In re Greer*, 89 B.R. 757, 759 (Bankr.S.D.Ill. 1988); *see also Matter of Solar Equipment Corp.*, 19 B.R. 1010, 1011 (D.C.Ark. 1982). Because the case is closed, this court no longer has jurisdiction over the property in issue and the automatic stay provisions are no longer in effect. The motion is both unnecessary and beyond the court's jurisdiction.

The Motion is dismissed with prejudice.

So ORDERED.