**In re Donald W. WALLACE, Debtor.**

**Susan M. WALLACE, Plaintiff,**

**v.**

**Donald W. WALLACE, Defendant.**

**Bankruptcy No. B87–04625B.
Adv. No. B88–110.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

April 8, 1991.

Ronald G. Kaufman, Sandusky, Ohio, for plaintiff.

Kenneth P. Frankel, Avon Lake, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

The matter before the Court is the motion of Donald E. Wallace (Debtor, Defendant) for a new trial in the above-styled adversary proceeding. Upon review of the pleadings, and the record, generally, the motion is hereby denied.

### II.

On January 6, 1989, Susan M. Wallace (Plaintiff) was granted a judgment against Defendant in the above-styled adversary proceeding. The Defendant, more than two years later, filed a motion for a new trial on March 12, 1991. The Defendant contends that he is entitled to a new trial premised upon newly discovered evidence to prove the Plaintiff and her attorney willfully, with all knowing intent, did not disclose a Sales Agreement, with a settlement date that is pertinent to issues heard by this Court. The Plaintiff has filed no responsive pleading.

### III.

The principle dispositive issue is whether the Court should grant the Defendant's motion for a new trial.

### IV.

The granting of a new trial is governed by Rule 59, Fed.R.Civ.P., made applicable herein by Rule 9023, Bankr.R., and provides in relevant part.

Rule 59. New Trials; Amendment of Judgments.

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and

**754**

conclusions, and direct the entry of a new judgment.

(b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

The Defendant has filed his motion well outside of the ten (10) day time limitation referenced in Rule 59(b), Fed.R.Civ.P. This being the case, the only remedy available to the Defendant is to have judgment set aside pursuant to Rule 60, Fed.R.Civ.P., made applicable herein by Rule 9024, Bankr.R., which provides in part:

Rule 60. Relief from Judgment or Order.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.....

The moving party bears the burden to demonstrate one of the enunciated grounds under Rule 60, Fed.R.Civ.P. *See, Globe Paper Co. v. Morris Travis Drug Company,* 112 F.2d 350 (6th Cir.1940).

The facts alleged by the Defendant appear to have been in existence at the time the adversary proceeding was pending before this Court. Although it is unfortunate that the Defendant did not have knowledge of these facts in time to present them to the Court, this does not warrant the Court's disregard of the rule. Those allegations fall within the scope of Rule 60(b)(2), Fed.R.Civ.P. and, as such, are barred by the one (1) year statute of limitations of that rule. *In re Miller,* 36 B.R.

403, 405 (Bankr.N.D.Ohio 1984). The Defendant has demonstrated no other grounds on which relief from the judgment can be granted.

## V.

Accordingly, the Defendant's motion for a new trial is hereby denied.

IT IS SO ORDERED.