---

(No. 14211.—Reversed and remanded.)
Elizabeth J. Cooper, Appellee, *vs.* Arthur R. Robinson *et al.* Appellants.

*Opinion filed February 22, 1922.*

1. Mortgages—*when mortgagor's after-acquired title does not inure to benefit of mortgagee.* A mortgage given by a life tenant upon all the right, title and interest he has under his father's will with respect to certain land, does not pass to the mortgagee an interest in fee in the same land subsequently acquired by the mortgagor under his brother's will.

2. Same—*what covenant does not enlarge the interest conveyed.* Where the interest owned by the mortgagor in a mortgage conveying all his right, title and interest in certain property is only a life estate, a covenant that he holds "the premises" in fee simple does not enlarge the life estate conveyed, as the word "premises" as so used means that which is conveyed.

3. Partition—*decree for partition may be in accordance with agreement.* Where all parties interested in an estate under a will join in an agreement for partition the court may enter a decree in accordance therewith, which will be binding on a life tenant whose interest is held in trust, where both the life tenant and the trustee join in the agreement and the language of the will indicates that a sale of the land by the devisees was contemplated by the testator.

Appeal from the Circuit Court of Mercer county; the Hon. William T. Church, Judge, presiding.

Watson & Duvall, for appellants.

George W. Wood, for appellee.

James A. Allen, for the mortgagee, R. J. Miller.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellee, Elizabeth J. Cooper, filed her bill in the circuit court of Mercer county to partition certain lands and for specific performance of a contract of purchase and sale of certain of the lands involved in the partition proceedings. It appears that David Robinson, who was the father of appellee, died August 5, 1911, and by his will and codicil gave the lands in question, amounting to 320 acres in Mercer county, and certain other property, to his four children, George H. Robinson, Alice A. Greve, Arthur R. Robinson and appellee, share and share alike, except that the one-fourth interest devised to Arthur was by the codicil changed to a devise of a life estate in the one-fourth interest, the remainder thereof being devised to the other three children. This codicil also provided for the appointment of a trustee to take charge of the interest of Arthur and pay over the proceeds in quarterly installments. George died on February 17, 1916, leaving a last will and testament, by which he devised two-thirds of his interest in the half-section of land in question to his wife, Stella, (now Stella Wiese,) and one-third to Arthur, Elizabeth and Alice, jointly. On May 10, 1915, Arthur and his wife executed a mortgage of all their right, title and interest in and to a one-fourth interest in the half-section of land in question to R. J. Miller, also a defendant in this action, to secure the payment of a note for $500. This mortgage, it will be noted, was executed nearly a year prior to the death of George, by whose will Arthur was devised the fee to an undivided one-ninth part of the interest of George in the half-section of land. The granting clause of the mortgage provided that the mortgagors "do hereby grant, bargain, sell and convey * * * all their right, title and interest in and to an undivided one-fourth interest" in the half-section of land in question. The mortgage also contained the following

covenants: "And the said parties of the first part * * * covenant and agree * * * that they hold the said premises by title in fee simple; that they have a good and lawful authority to sell the same; that the said premises are free and clear of all liens and incumbrances whatsoever; that they will warrant and defend said premises against all lawful claims of all persons whomsoever." Appellee entered into a contract with Arthur, to which appellant Robert L. Watson was a party, by which it was agreed that for a consideration of $3000 Arthur should convey to the appellee, free and clear of all incumbrances, the interest in the land devised to him under the will of George. Watson appears to have been interested in the contract by reason of having acted as attorney in the settlement of the estate of George, and by the contract it was agreed that a certain sum should be paid to him out of the $3000 payable to Arthur. It also appears that he took an assignment of the interest of Arthur in the land referred to in the contract and paid Arthur the amount due him, so that he was to receive the entire purchase price and make the deed. Appellee offered to perform on her part but demanded that the mortgage issued to Miller be paid. This Arthur and Watson refused to do. Appellee tendered to them the amount over and above the principal and interest of the mortgage. On January 10, 1921, appellee, together with Arthur R. Robinson and John W. Cooper, his trustee, and Alice A. Greve, made an agreement in writing for the partition of the half-section of land in question in this proceeding. The circuit court partitioned the land in accordance with such agreement, and decreed that Arthur and Watson specifically perform the contract of conveyance of the interest which Arthur received under the will of his brother George, upon payment by appellee to Miller, the mortgagee, of the amount due upon the mortgage and the balance of the $3000 to Watson, he to execute to her a warranty deed for said land.

Watson is the appellant in interest here, and he contends that the mortgage to Miller is not a lien on the lands acquired by Arthur under the will of his brother, George. He also objects that the agreement to partition is void as to Arthur.

The first question in the case is whether or not the Miller mortgage was a lien on the land acquired by Arthur under the will of George. The rule is well established that where the mortgagor does not have the title covenanted but subsequently acquires such title it inures by way of estoppel to the mortgagee. (*Lagger* v. *Mutual Union Loan Ass'n,* 146 Ill. 283; *Elder* v. *Derby,* 98 id. 228; *Bybee* v. *Hageman,* 66 id. 519; *Hitchcock* v. *Fortier,* 65 id. 239.) In this case, however, while the mortgagors covenanted that they held "the premises" conveyed by title in fee simple, the mortgage also showed that they mortgaged only "all their right, title and interest in and to an undivided one-fourth interest" in the half section of land. The language "the premises," as used in a conveyance, means that which is conveyed. (*Holbrook* v. *Debo,* 99 Ill. 372; *Miller* v. *Ewing,* 6 Cush. 40; *Blanchard* v. *Brooks,* 12 Pick. 46.) In the last cited case the court says: "The grant in the deed is of all his right, title and interest in the land, and not of the land itself or any particular estate in the land. The warranty is of the premises,—that is, of the estate granted,—which was, all his right, title and interest. It was equivalent to a warranty of the estate he then held or was seized of and must be confined to estate vested." The basis of the rule that a subsequently acquired title passes by deed containing covenants of warranty is that it effectuates the real intention of the parties, which is, that the title in fee to the land shall be conveyed by the instrument. (*Bennett* v. *Waller,* 23 Ill. 97.) Here the mortgage purports to convey only the right, title and interest held by the mortgagors in the land described. It was not in the contemplation of either the mortgagors or the mortgagee that

they were dealing with any other interest or estate in the land. There can be no equitable estoppel when there is no equity. The covenant in the mortgage "that they hold the premises by title in fee simple" cannot have the effect to enlarge the premises or interest conveyed. The fee to the lands devised by George was not in Arthur at the time the mortgage was made nor for more than a year thereafter. Such interest is not subject to the Miller mortgage, and the chancellor erred in so holding.

Appellant Watson also contends that the chancellor erred in decreeing partition in accordance with the agreement, urging that such an agreement was not binding as to Arthur R. Robinson. This contention is without merit. Arthur was *cestui que trust* of the interest devised to him by the codicil of his father's will but was under no disability. Both he and his trustee joined with the other heirs of David Robinson. Thus all parties in interest in the estate joined in the agreement. Such an agreement is not only legal but is to be commended, and the circuit court did not err in entering a decree for partition in accordance therewith. Moreover, the language of the codicil by which the estate of Arthur was changed to a life estate in trust provided for certain contingencies "in case my devisees should decide to sell the farm." This language showed that the testator contemplated that a sale might be made.

The decree in so far as it holds that the land purchased by appellee from Arthur R. Robinson is subject to the Miller mortgage is erroneous. Appellee is entitled to partition in accordance with the agreement therefor, but not to a decree for specific performance of the contract of purchase without performance in full of her part of the contract. For this error the decree is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.                    *Reversed and remanded.*