*In re* ESTATE OF ODE HALL, Deceased (John Warner Bank, Ex'r of the Estate of Ode Hall, Petitioner-Appellee, *v.* Edward A. Hall, Jr., *et al.*, Respondents (Ted Hall, Respondent-Appellee; Gertrude Connors, Respondent-Appellant)).

Fourth District No. 4—84—0138

Opinion filed September 21, 1984.—Rehearing denied November 2, 1984.

Brown, Hawkins, Basola & Mattingley, of Decatur (Rex L. Brown and Britt A. Brown, of counsel), for appellant.

A. J. Rudasill, of Clinton, for appellee Ted Hall.

Smith, Smith & Taylor, of Clinton, for other appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
Testamentary trust.

Title to land vests upon death of the testator.

Trust income during probate should have gone to the income beneficiary and not used for costs of administration.

We reverse.

The will of Ode Hall devised all of Ode's real estate to the John Warner Bank of Clinton, Illinois, as trustee. Ode's sister, Gertrude Connors, and brother, William Hall, were the income beneficiaries of the trust. William predeceased Ode, leaving Gertrude as the sole income beneficiary.

The estate became indebted for State and Federal estate taxes approaching one-half million dollars. To pay the taxes, the bank—acting as executor—sold 200 acres of a 520-acre farm. The proceeds from the sale were insufficient to pay the taxes so the bank borrowed money. The indebtedness on the borrowed money was paid off through the operation of the farm during the administration period.

Gertrude Connors, the income beneficiary of a testamentary trust, appeals from an order of the trial court approving the executor's final report.

## I

She argues on appeal that she was entitled to the farm income from the date of the decedent's death and that the bank improperly used this income to pay estate taxes.

We held in *In re Estate of Enright* (1982), 106 Ill. App. 3d 914, 436 N.E.2d 681, that under section 5 of the Principal and Income Act (Ill. Rev. Stat. 1979, ch. 30, par. 163) an income beneficiary of a residual testamentary trust is entitled to income produced from probate property and that the income may not be used to satisfy claims against the estate such as expenses of administration, estate and inheritance taxes and legacies. The Principal and Income Act was amended in 1982, and the provisions of section 5 of the former Act, on which the *Enright* decision was based, now appear in section 6(a) of the Act. This section states:

> "[A]ll expenses incurred in connection with the settlement of a decedent's estate, including debts, funeral expenses, estate taxes, family allowances, fees of attorneys and representatives, and court costs shall be charged against the principal of the estate." Ill. Rev. Stat. 1983, ch. 30, par. 506(a).

There have been no substantive changes to the Act which would affect our decision in *Enright*. It is clear then that under section 6(a) of the Principal and Income Act and our holding in *Enright* that the income from the farm should not have been used to pay estate taxes. The bank argues, however, that the provisions of the Principal and Income Act are subject to the terms of the will and that Ode Hall's will authorized the expenditure of income for estate taxes.

Section 3(a) of the Principal and Income Act states that "[a] person establishing a trust may make provision in the instrument for *** the apportionment of receipts and expenses or grant discretion to the trustee to do so and such provision *** shall control notwithstanding this Act." (Ill. Rev. Stat. 1981, ch. 30, par. 503(a).) Section 3(b)(2) further provides that in the absence of any contrary terms in the trust instrument, the trust shall be administered in accordance with the provisions of the Act.

We find nothing in the will of Ode Hall which authorizes the bank to pay estate taxes from farm income. On the contrary, the will directed that the debts, including State and Federal taxes, be paid from the proceeds of the sale of personal property. In addition, the will authorized the bank, as executor, to sell real estate "to pay any of the debts of my estate." Hence, the will evinces the intent of the testator that estate debts be paid first from the sale of personal property and then, if the personal property is insufficient to satisfy the

debts, from the sale of real estate. This intent is consistent with the provisions of the Principal and Income Act, and we find no terms in the will contrary to section 6(a) of the Act which requires that estate taxes be charged against the principal.

## II

The bank next argues that the Principal and Income Act was not applicable during the administration period because the trust was not in existence until after the administration was completed. The bank's argument is based on the following provisions in the will:

> "My trustee shall take possession of all of said real estate *** immediately upon the completion of the administration of my estate. *** Once each year, commencing as soon after the completion of the administration of my estate as is convenient and feasible, said trustee shall distribute all of the net income from the trust corpus [to the income beneficiaries]."

The bank maintains that since possession by the trustee and the distribution of income to the beneficiaries was not to occur until after the administration was complete, the trust did not come into existence until that time.

We disagree.

■ Realty devised passes directly to the devisee on the death of the testator. (*Trustees of Schools v. Clippinger* (1949), 404 Ill. 202, 88 N.E.2d 451; *Meppen v. Meppen* (1945), 392 Ill. 30, 63 N.E.2d 755.) See also 96 C.J.S. *Wills* sec. 1099, at 821 (1957), which states, "Generally, title to real property passes to, and vests in, the devisees immediately on the testator's death and not at the probate of the will, at least where the will does not postpone the vesting of title." In addition, section 5(a) of the Principal and Income Act (Ill. Rev. Stat. 1981, ch. 30, par. 505(a)) states, "In the case of an asset becoming subject to the trust by reason of a will, it becomes subject to the trust as of the date of the death of the testator even though there is an intervening period of administration."

■ Ode Hall's will did not specify the date on which title to the farmland was to vest in the trustee. The will merely stated, "I devise all of my real estate to The John Warner Bank of Clinton, Illinois, in trust for the following uses and purposes." We can only conclude, therefore, that title to the farmland vested in the bank, as trustee, on the date of the testator's death, and the bank was required to administer the trust in accordance with the provisions of the Principal and Income Act during the administration period.

The trial court's order affirming the executor's report is reversed

and this case is remanded for an accounting to determine the amount of farm income earned during the administration period to which respondent is entitled.

### III

Respondent next argues that the executor's attorney fee was excessive. It appears that the bank's attorneys were awarded $80,000. The bank notes that the estate had a gross value of $1,726,119, that the administration period extended over 4½ years, and that 800 hours of legal services were rendered to the bank. The administration was further complicated by the bankruptcy of a tenant farmer on the estate property and a suit for a will construction which lasted 22 months.

■ Section 27—2 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 27—2) provides that the attorney for a representative is entitled to a reasonable compensation for his services. The amount to be paid an attorney for services rendered by him for an administrator is a matter peculiarly within the province of a probate court and is to be determined by that court in the exercise of its judicial discretion. *In re Estate of Weber* (1980), 81 Ill. App. 3d 257, 401 N.E.2d 245; *In re Estate of Minsky* (1978), 59 Ill. App. 3d 974, 376 N.E.2d 647.

■ Under the facts of the present case, we find that the award of executor's attorney fee was reasonable. *Cf. In re Estate of Grabow* (1979), 74 Ill. App. 3d 336, 392 N.E.2d 980.

### IV

Finally, respondent argues that attorney fees should not have been awarded to the attorney for the remainderman, Ted Hall. Respondent maintains that such fees would only have been appropriate if this were a suit for a will construction. Ted Hall's attorney argues that this proceeding did involve a will construction and that it would be unfair to require Ted Hall to bear the expense of protecting the rights of all remaindermen.

■ It has been held that the costs of litigation in a will construction are borne by the estate on the theory that a testator expressed his intentions so ambiguously as to necessitate a construction of the will in order to resolve adverse claims to the property. (*Orme v. Northern Trust Co.* (1962), 25 Ill. 2d 151, 183 N.E.2d 505; *In re Estate of Smith* (1979), 68 Ill. App. 3d 30, 385 N.E.2d 363.) In *Lloyd v. Sears Bank & Trust Co.* (1978), 67 Ill. App. 3d 141, 384 N.E.2d 742, the court held that a suit which alleged that the trustee made an im-

proper distribution of trust property was effectively a suit for a construction of the trust.

█ The heart of the present appeal involved a construction of the will to determine whether the trust was to commence at the date of the testator's death and whether respondent was entitled to income from the real estate during the administration period. We find, therefore, that the trial court did not err in awarding attorney fees to the attorney for the remainderman.

Affirmed in part, reversed in part and remanded with directions.

TRAPP and WEBBER, JJ., concur.