TOMPKINS STATE BANK, Plaintiff-Appellee, v. DONALD R. NILES, a/k/a Don Niles, a/k/a Donald E. Niles, *et al.*, Defendants-Appellants (Monmouth Grain and Dryer Company, Defendant-Appellee).

Third District   No. 3—87—0009

Opinion filed September 9, 1987.

SPITZ, P.J., dissenting.

Jack P. Ball, of Nelson, Gustafson & Blake, of Galesburg, for appellants Donald R. Niles, Mary Ellen Niles, Darron L. Niles, and Melanie Sue Yates.

Dawn A. Conolly, of Lucas, Brown & McDonald, of Galesburg, for appellee Tompkins State Bank.

Richard Whitman, of Stansell, Critser & Whitman, of Monmouth, for appellee Monmouth Grain & Dryer Company.

JUSTICE GREEN delivered the opinion of the court:

This case concerns the operation of the disclaimer provisions contained in section 2—7(e) of the Probate Act of 1975, which states in part:

> "Waiver and Bar. The right to disclaim property or a part thereof or an interest therein shall be banned by (1) a judicial sale of the property, part or interest before the disclaimer is effected; (2) an assignment, *conveyance, encumbrance,* pledge, sale or *other transfer* of the property, part or interest, or a contract therefor, by the disclaimant or his representative; (3) a written waiver of the right to disclaim; or (4) an acceptance of the property, part or interest by the disclaimant or his representative." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110½, par. 2—7(e).)

The precise question is whether the execution of a mortgage with covenants of title purporting to convey a full interest in realty when the mortgagors have only a right to purchase the property on contract, which right is subsequently forfeited to the vendor, bars a subsequent disclaimer by the mortgagors of a devise of the property from the

vendor to the mortgagors. We hold that the reference to "conveyance, encumbrance *** or other transfer" in section 2—7(e) refers only to such transfers made after the interest being disclaimed has passed by devise, inheritance or otherwise to the person or entity attempting to disclaim.

On February 10, 1986, plaintiff, Tompkins State Bank, filed suit in the circuit court of Knox County seeking to foreclose a mortgage on certain real estate. Donald R. and Mary Ellen Niles, husband and wife, were named defendants as mortgagors, and Donald was also named a defendant in his capacity as executor of the estate of his mother, Mildred L. Niles Peterson (testator). Monmouth Grain and Dryer Company (Monmouth) was joined as a defendant claiming a lien on the allegedly mortgaged premises by virtue of a judgment against Donald. The other defendants were persons who might have an interest in the premises purportedly covered by the mortgage if a devise of those premises by the testator to Donald failed.

Monmouth filed an answer and a cross-complaint against Donald, Mary Ellen and certain other of the defendants the purport of which was to establish the existence of a judgment lien against the mortgaged premises. Donald, individually and in his capacity as executor, and Mary Ellen filed a motion to dismiss both the original complaint and the cross-complaint. This motion was permitted to stand against amended pleadings by plaintiff and Monmouth. After a hearing, the court entered an order on November 24, 1986, denying the motion to dismiss. The movants stood on their motion and refused to plead over. They were defaulted, and, after a further hearing, the court entered a decree on December 10, 1986, (1) establishing the mortgage of plaintiff's as a first lien in the sum of $365,254.04; (2) establishing the judgment of Monmouth as a second lien against the premises in the sum of $10,044.63; and (3) ordering foreclosure and sale. Donald, in his individual capacity and as executor, Mary Ellen, Darron L. Niles, Melanie Sue Yates, and Thomas Pepmeyer, guardian *ad litem* for Daphne Niles and trustee for the unknown descendants of Donald, have all appealed. We reverse.

The propriety of the decree appealed depends upon the propriety of the denial of the motion to dismiss the amended complaint and cross-complaint. That motion presented the court with the following undisputed but very unusual set of facts. On August 18, 1977, the testator, owner of the realty described in the instant mortgage, entered into a contract to sell the realty to Donald and Mary Ellen, who were to make periodic payments. On April 25, 1983, Donald and Mary Ellen executed and delivered a mortgage of the above premises to

plaintiff to secure several outstanding notes. The mortgage instrument contained a provision whereby Donald and Mary Ellen assigned all of their interest in the previously mentioned contract with the testator to plaintiff "as security for all obligations" due plaintiff. The equitable rights under that contract were the only rights in the fee of that real estate which Donald and Mary Ellen then possessed. Nevertheless, the mortgage also contained a provision whereby the mortgagors made covenants of title as to the property described in the mortgage.

The next undisputed significant event occurred on February 22, 1985, when the testator forfeited the interest of Donald and Mary Ellen in the contract for sale to them of the real estate, because Donald and Mary Ellen had violated a provision of the contract prohibiting assignments without consent of the vendor. The parties do not dispute the *bona fide* nature of the forfeiture and agree that Donald, Mary Ellen and all persons claiming through them lost all interest in that contract. However, the testator then died on June 7, 1985, leaving a will naming Donald as executor and giving all of her property to him with a further provision that, if he predeceased the testator, the property would be placed in a trust, with Mary Ellen being one of the beneficiaries of the trust. The will was admitted to probate on July 25, 1985, and on July 26, 1985, Donald filed a disclaimer with the Knox County circuit court and the recorder of deeds. Mary Ellen similarly filed a disclaimer on March 6, 1986. Meanwhile, on July 30, 1985, Monmouth obtained a judgment against Donald. Monmouth filed a memorandum of that judgment with the recorder of deeds of Knox County on October 7, 1985.

The contention of plaintiff is (1) because of the devise of the real estate by the testator to Donald, that real estate vested in him as of the date of the testator's death; (2) because of the covenants of title in the mortgage between Donald and Mary Ellen and plaintiff, plaintiff's mortgage lien reattached to the property at that time under the after-acquired-title doctrine; and (3) the execution and delivery of the mortgage by Donald and Mary Ellen to plaintiff on April 25, 1983, constituted a "conveyance, encumbrance *** or other transfer" of the described real estate within the meaning of section 2—7(e) of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 2—7(e)) which barred the effect of the disclaimer.

The contention of Monmouth is much like that of plaintiff. It contends that Donald became vested with the real estate in question upon the death of the testator and that Donald's subsequent attempt to disclaim was invalid because of his prior mortgage of the property to

plaintiff. Monmouth also asserts that Donald's act of making a disclaimer was void, because it was a conveyance made for the purpose of defrauding creditors and was thus void by the terms of section 4 of "An Act to revise the law in relation to frauds and perjuries" (Ill. Rev. Stat. 1985, ch. 59, par. 4). Absent a valid disclaimer, Monmouth contends that its filing of the memorandum of the judgment on October 7, 1985, perfected its judgment against Donald as a lien against the premises.

The defendants who have appealed make some contention that the after-acquired-title doctrine does not apply here. However, the main thrust of their argument is that the disclaimers were valid because section 2—7(e) applies only to transfers of property made after an interest in the property has passed to the one disclaiming. They also maintain that the exercise of the disclaimer was not a fraud against creditors. The circuit court disagreed, ruling that section 2—7(e) barred Donald's disclaimer, and that the act of disclaiming constituted a conveyance in fraud of his creditors.

■ At all times pertinent, section 7 of "An Act concerning conveyances" (Ill. Rev. Stat. 1985, ch. 30, par. 6), provided that "[i]f any person shall sell and convey to another, by deed or conveyance" a fee which the conveyor does not then possess but does later become possessed of that fee, that conveyor shall hold the subsequently acquired fee in trust for the person or entity to whom the original conveyance was made. This is the after-acquired-title doctrine. Section 9 of that act (Ill. Rev. Stat. 1985, ch. 30, par. 8) indicates the various warranties that arise from a deed in a statutory form which contains a general warranty of title, and section 11 of that act (Ill. Rev. Stat. 1985, ch. 30, par. 10), provides that the same warranties arise from a mortgage in statutory form which contains a general use of the word warranty. Section 11 also implies that a mortgage is a conveyance within the meaning of section 7. We conclude that the after-acquired-title doctrine applies to mortgages as well as deeds. (See *Pratt v. Pratt* (1880), 96 Ill. 184; *Taylor v. Kearn* (1873), 68 Ill. 339; *Hitchcock v. Fortier* (1872), 65 Ill. 239.) The defendants who have appealed assert that the facts of this case exclude application of that doctrine, but because we decide for the defendants on other grounds, we need not discuss this question.

■ Donald attempted to effectuate that nullification by disclaiming his interest. Ordinarily, if a will does not provide otherwise, and the will is admitted to probate, title to realty so devised vests in the devisee as of the date of the death of the testator. (*In re Estate of Hall* (1984), 127 Ill. App. 3d 1031, 469 N.E.2d 378.) However, when a

valid disclaimer is made of a devise of a present interest, the property passes as if the "disclaimant had predeceased the decedent" unless the will provides otherwise. (Ill. Rev. Stat. 1985, ch. 110½, par. 2—7(d)(1)(a).) Thus, the property passes as if the named devisee never had an interest. (See *People v. Flanagin* (1928), 331 Ill. 203, 207, 162 N.E.2d 848, 849.) Accordingly, as we have previously indicated, this case hinges upon the question of whether the disclaimers here were barred.

■ However, before reaching the ultimate question first described, discussion of another issue may be helpful. Monmouth maintains that Donald's disclaimer was a fraudulent conveyance within the meaning of section 4 of "An Act to revise the law in relation to frauds and perjuries." (Ill. Rev. Stat. 1985, ch. 59, par. 4.) Obviously a motivating factor in disclaiming was that by doing so, no lien of Monmouth's judgment would attach to the real estate which would, upon disclaimer, go to relatives of Donald. Such a reason was held not to make the act of disclaiming a violation of section 4 in the case of *In re Estate of Hansen* (1969), 109 Ill. App. 2d 283, 248 N.E.2d 709. That court pointed out the rule that a person does not have to accept an estate in property if he does not desire to do so. The court cited *People v. Flanagin* (1928), 331 Ill. 203, 162 N.E.2d 848, where the disclaimer permitted property to remain in a family but reduced the incidence of taxes that would have been required to be paid if no disclaimer had been made. Based upon this precedent, we hold that the circuit court was in error in ruling that Donald's disclaimer was void as against Monmouth's judgment lien because the disclaimer constituted a fraudulent conveyance.

The case of *Hansen* is also significant, because it indicates that the policy of the law in permitting a person to disclaim a gift or devise prevails over a policy of being fair to the creditors of the person disclaiming. No case interpreting section 2—7(e) of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 2—7(e)) in the face of a disclaimer of property subject to the after-acquired-title doctrine is available. However in the case of *In re Estate of Aylsworth* (1966), 74 Ill. App. 2d 375, 219 N.E.2d 779, this court discussed the purpose of section 2—7(e). That section was then contained in section 15 of the Probate Act (Ill. Rev. Stat. 1963, ch. 3, par. 15) and contained language similar to section 2—7(e), except that encumbrances and pledges were not then listed as acts barring disclaimer. This court cited James, Illinois Probate Law and Practice (1965 Pocket Part, Vol. 1, at 113), as indicating that the purpose of providing that various acts of transfer barred disclaimer was so that one could deal with a devisee in regard

to devised property during the period when disclaimer was permissible without fear that the devisee would subsequently disclaim and destroy or cloud the title obtained from the devisee. *In re Estate of Aylsworth* (1966), 74 Ill. App. 2d 375, 381-82, 219 N.E.2d 779, 783.

■ Quite likely, the legislature never considered a situation such as the one here, where disclaimer of an after-acquired-title is involved. The fact that since *Aylsworth,* the words, "encumbrance" and "pledge" have been added to section 2—7(e) would not change the intent of the legislature. In view of (1) the policy expressed in cited cases to give great significance to the right to disclaim, and (2) the indication previously expressed by this court that the reason for section 2—7(e) was not to assure fairness to creditors of the person disclaiming but was a pragmatic purpose to facilitate transactions while disclaimer would still be available, we hold that section 2—7(e) did not bar the disclaimer made here.

For the reasons stated, the judgment of foreclosure and sale entered on December 10, 1986, is reversed.

Reversed.

McCULLOUGH, J., concurs.

PRESIDING JUSTICE SPITZ, dissenting:

I dissent from the majority opinion for the reasons that section 2—7(e) of the Probate Act of 1975, as stated in the majority opinion, bars the right to disclaim property where an assignment, conveyance, encumbrance, pledge, sale or other transfer of the property, part or interest, or a contract therefor, by the disclaimant or his representative has been made. Ill. Rev. Stat. 1985, ch. 110½, par. 2—7(e).

The majority holds the reference to "conveyance, encumbrance *** or other transfer" in section 2—7(e) refers only to such dispositions made after the interest being disclaimed has passed to the person or entity attempting to disclaim. The section in question does not say this, nor is any authority cited which so holds.

When the will of Donald's mother was admitted to probate, title to the real estate in question vested in Donald as devisee under her will as of the time of her death. (*In re Estate of Hall* (1984), 127 Ill. App. 3d 1031, 469 N.E.2d 378.) As the majority opinion stated, the doctrine of after-acquired title applies to mortgages. The mortgage previously executed by Donald and Mary Ellen to Tompkins State Bank would create a valid lien against the real estate under the after-acquired-title doctrine. Consequently, Donald would be barred from

disclaiming his interest in the subject real estate due to the mortgage lien. Since Donald could not disclaim his interest, the lien of Monmouth would also be enforceable.

I have no quarrel with the cases cited by the majority which hold when a valid disclaimer is made of a devise of a present interest, the property passes as if the "disclaimant had predeceased the decedent" unless the testator had provided otherwise. The key word is "valid" disclaimer. Here the encumbrance of the mortgage lien bars a disclaimer by Donald.

I further reject the assertions of the defendants that under the facts of this case the after-acquired-title doctrine does not apply. Their theory is this doctrine is not applicable where its imposition would enlarge the interest given under the original conveyance, citing *Cooper v. Robinson* (1922), 302 Ill. 181, 134 N.E. 119. In the instant case the covenants of title agreed to by Donald and Mary Ellen as contained in the mortgage were stated to apply to a full fee interest. *Cooper v. Robinson* (1922), 302 Ill. 181, 134 N.E. 119, is distinguishable.

I would affirm the trial court.