In re Kenneth & Patricia
ELLIOTT, Debtors.

Stephen G. BALSLEY,
Trustee, Plaintiff,

v.

FARMERS & MERCHANTS
BANK, Defendant.

Bankruptcy No. 86 B 20081.
Adv. No. 87 A 3019.

United States Bankruptcy Court,
N.D. Illinois, W.D.

Dec. 29, 1987.

Stephen G. Balsley, Rockford, Ill., pro se.

James R. Buck, Sycamore, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Farmers and Merchants Bank (Bank) to Dismiss the Adversary Complaint. The Trustee, Attorney Stephen G. Balsley, represents himself. The Bank is represented by Attorney James R. Buck.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Debtors in this case filed in the Eastern Division for relief under Chapter 7 of the Code on December 8, 1982. Attorney John S. Biallas was appointed Interim Trustee on December 22, 1982. The Bank was a secured creditor of the Debtors and admits to getting notice of the bankruptcy. A no-asset report was approved on February 18, 1983, and the Debtors were discharged on March 2, 1983.

On March 8, 1983, Beatrice Fowler died, leaving a will. Through the will, the Debtors inherited a house. The will also provided that if it had become necessary to sell her farm for her maintenance, the remaining proceeds would go to Kenneth Elliott upon her death. At the time of her death, the farm had not been sold. On May 31, 1983, the bankruptcy case was closed. A will construction suit was filed in state court in August of 1983. On November 1, 1983, the bankruptcy case was reopened. The state court, in May of 1984, rendered an opinion that Kenneth Elliott was entitled to the farm.

On June 30, 1984, the Bank took a first mortgage on the house which the Debtors had inherited. On December 20, 1984, the Bank took another mortgage on the house and also took a mortgage on the inherited farm of the Debtors. On February 7, 1985, the Bank took another mortgage on the house and farm which replaced the December 20, 1984, mortgage. On August 16, 1985, the Debtors sold the farm to Charles E. Lutz, Edward J. Lutz, Randall L. Lutz, Scott Lutz and Linda Lutz. From the proceeds of the sale, the Debtors paid to the Bank the sum of $120,000.

The bankruptcy case was transferred to the Western Division on December 9, 1985. Attorney Stephen G. Balsley was appointed Trustee on November 6, 1986. The Trustee filed, on March 24, 1987, the original Complaint to Avoid the Fixing of the Mortgage on the house and farm and requests the Bank to turn over the proceeds from the sale. The Bank filed this Motion to Dismiss on the grounds that (1) the farm is not property of the estate, (2) the Complaint was filed after the statute of limitations pursuant to Section 549(d) of the Code, (3) the Trustee never filed a notice of the bankruptcy pursuant to Section 549(c) of the Code, and (4) laches.

Section 541(a) of the Code provides, in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

\*　　\*　　\*　　\*　　\*　　\*

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by request, device, or inheritance;

11 U.S.C. Section 541(a). Section 549 of the Code provides:

(a) Except as provided in subsections (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) made after the commencement of the case; and

· (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

\* \* \* \* \* \*

(c) The Trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

(d) An action or proceeding under this section may not be commenced after the earlier of—

(1) two years after the date of the transfer sought to be avoided; or

(2) the time the case is closed or dismissed.

11 U.S.C. Section 549. Section 362(a) of the Code in provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

\* \* \* \* \* \*

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

## Property of the Estate

■ The Bank argues that the farm is not property of the estate because the will construction suit was not decided until more than 180 days after the Debtors filed their Chapter 7 petition. The Bank contends that the Debtors did not inherit the farm until the state court judge found that they did.

In Illinois, it is well established that title to real estate passes upon the death of the testatrix. *Trustees of Schools v. Clippinger*, 404 Ill. 202, 88 N.E.2d 451 (1949); *In re Estate of Hall*, 127 Ill.App.3d 1031, 82 Ill. Dec. 844, 469 N.E.2d 378 (4th Dist.1984). No general exception to this rule has been cited and the Court cannot find reason here to create one (even assuming this Court had the power to do so). The state court found that Beatrice Fowler, through her will, intended that Richard Elliott receive the farm at her death. The fact that it took some 14 months to determine the intent of Beatrice Fowler is irrelevant.

Alternatively, even if Illinois law would provide that the Debtors did not inherit the farm until the state court action was resolved, the farm is property of the estate. At the moment of Beatrice Fowler's death, Kenneth Elliott became entitled to contest the will, which was done on his behalf. That right of action became property of the estate and any proceeds, profits or interests in property that resulted from the cause of action became property of the estate. 11 U.S.C. Subsection 541(a)(6) and (7).

## Statute of Limitations

■ Section 549(d) of the Code provides that an action under Section 549(a) may not be commenced more than two years after the transfer or the time the case is closed or dismissed. In this case, the bankruptcy was first closed on May 31, 1983, before the Trustee had notice of Beatrice Fowler's death and the possible inheritance of the Debtors. The case was reopened before the transfer was made and for the purpose of administering the home and farm. Therefore, the Court finds that the original

closing of the case does not preclude the Trustee from bringing this suit.

■ However, the original complaint was not filed until more than two years after the transfer. The Amended Complaint contains three counts; Count I is predicated on Section 549(a) and seeks to avoid the fixing of the mortgage; Count II is based upon Section 362(a) and seeks to avoid the fixing of the mortgage; and, Count III is predicated upon Section 549(a) and seeks to avoid the transfer to the Bank of the proceeds from the sale of the farm.

■ The fixing of the mortgage occurred more than two years prior to the filing of the original Complaint, therefore Count I must be dismissed. There is no statute of limitations on an action brought under Section 362(a) of the Code, therefore Count II may stand. The transfer of the proceeds occurred less than two years prior to the filing of the Complaint, therefore Count III may stand.

### Failure to File Copy of Petition Under Section 549(c)

■ Section 549(c) provides that the trustee may not avoid the transfer to a good faith purchaser without knowledge of the commencement of the bankruptcy case unless a copy of the bankruptcy petition is filed in the county which is the situs of the realty. It is uncontroverted that no copy of the petition was filed by the Trustee prior to the time the mortgage was given. The Bank argues that since no petition was filed and the Bank was inadequately notified about what was happening in the bankruptcy estate, Section 549(c) prohibits the Trustee from avoiding this transfer. The Court does not agree.

Section 549(c) specifically refers to a good faith purchaser without knowledge of the bankruptcy case. Whether the Bank is a good faith purchaser is in question. The Court does not mean to imply that the Bank has acted in bad faith. Rather, the Bank knew of the bankruptcy case. The Bank also knew that Beatrice Fowler died within 180 days of the filing of the bankruptcy case. After the Bank knew the case was closed, it received notice that Attorney Biallas was appointed as attorney for the Trustee.

The Bank complains that it received inadequate "notice" of this and inadequate "notice" of that. Yet the Bank never once, although loaning some $150,000 to persons who had recently filed bankruptcy, checked the bankruptcy case file. Had the Bank done so, it would have learned that no Amended Schedules that notified the Trustee or creditors of the possible inheritance were filed. The Bank would also have discovered that the Trustee, in November of 1983 finally discovered the inheritance and was beginning to take steps to administer the assets, pending the outcome of the will construction suit.

This Court has repeatedly held that a party may not rely on *inadequate* or *faulty* notice when the notice is sufficient to alert the party that something is going on. *In re Kaper*, 85 B 21072 (Bankr.N.D. Ill.W.D. Sept. 12, 1986); *In re Frederick*, 85 B 21203 (Bankr.N.D.Ill.W.D. Sept. 9, 1986); and, *In re Driskill*, 85 B 21589 (Bankr.N.D.Ill.W.D. June 13, 1986). The case file is a public record and notice to the world. Given what the Bank knew regarding how the Debtors obtained the farm and that there was activity in the case, the Court does not consider the Bank a good faith purchaser.

Even if the Bank could be a good faith purchaser, it did not receive the mortgage without knowledge of the bankruptcy case. The Bank admits receiving notice of the commencement of the case. That is all that is necessary under Section 549(c). Additionally, the Bank also admits that it received notice that Attorney Biallas was seeking appointment as attorney for the Trustee after the case was closed. The Bank's knowledge was sufficient to make Section 549(c) inapplicable to it.

### Laches

■ The Bank contends that the Trustee is estopped from bringing this suit. The Bank maintains that it, at all times, acted properly and prudently and in reliance on the closing of the bankruptcy case. In

fact, the Bank points out, it received a title commitment from the Chicago Title Insurance Company that indicated that the Debtors had clear title. After it took the mortgage, the Bank contends that Attorney Biallas acted in secret in his preparations to avoid this transaction.

The Court is sympathetic to the Bank's position. There has been quite a delay since the death of Beatrice Fowler to the present Complaint. Part of the delay is due to the Debtors because they did not promptly notify the Trustee of their possible inheritance, as required by law. Part of the delay is due to the state court proceeding, for the time it took to decide the questions presented. And some of the delay is due to the first Trustee, Mr. Biallas.

On the other hand, the Bank went into this transaction with its eyes closed. The Bank had before it sufficient information to be put on notice that the farm and house were property of the estate. See Trustee's Quarterly Report, dated March 1, 1984. The Bank made the first loan approximately forty-five days after the state court decree was entered. At that time, the damage was done.

Since that time, while the first Trustee wins no awards for his handling of the case, his conduct has not been so egregious to warrant dismissal of this Complaint.

On the basis of the foregoing, the Court finds that the Bank's Motion as to Count I should be ALLOWED. The Bank's Motion as to Counts II and III should be DENIED.

IT IS SO ORDERED.