In re Jack L. WHITE and Ruth
A. White, Debtors.

Jack L. WHITE and Ruth
A. White, Plaintiffs,

v.

Larry STULTS, Administrator of the Estate of Opal Stanza; Jack L. White, Executor of the Estate of Elbert Stanza; United States of America, Internal Revenue Service; Farmers Home Administration; First National Bank in Toledo; Don Stewart; Leland Scott; Bradbury Grain, Inc.; Keller Properties, Inc.; and, Bob G. Kearney, Chapter 12 Trustee, Defendants.

Bankruptcy No. 89–40003.
Adv. No. 93–4104.

United States Bankruptcy Court,
S.D. Illinois.

Aug. 8, 1994.

Douglas A. Antonik, Mount Vernon, IL, for debtors/plaintiffs.

Bob G. Kearney, Trustee, Benton, IL.

## OPINION

GERALD D. FINES, Bankruptcy Judge.

This matter having come before the Court on a Motion for Summary Judgment filed by Defendant, Larry Stults, Administrator of the Estate of Opal Stanza, and Responses thereto filed by Plaintiffs and Defendant, First National Bank in Toledo; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Pursuant to agreement of the parties, the material facts in this matter are not in dispute. As such, the matter is ripe for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure.

■ On January 9, 1979, Opal Stanza died testate in Cumberland County, Illinois. At her death, Opal Stanza was the owner of two parcels of real estate in Cumberland County, Illinois, which passed to her heir, Elbert Stanza, who subsequently passed away leaving the real estate in question to the Plaintiffs in his Will. The real estate passed to Elbert Stanza's legatees, Plaintiffs herein, immediately at the time of his death. *In re Cheanoweth*, 132 B.R. 161 (Bankr.S.D.Ill. 1991), *aff'd.* at 3 F.3d 1111 (7th Cir.1993). Once the real estate passed to the Plaintiffs herein, they obtained a vested interest which was subject only to certain powers of the estate administrator to sell the real estate in question for purposes of satisfying estate claims. Ill.Rev.Stat., Chap. 110½, § 18–14 and § 20–4 (1979).

■ At the time that the Plaintiffs herein filed for bankruptcy relief under Chapter 12 of the Bankruptcy Code in January 1989, the real estate in question became property of the bankruptcy estate pursuant to 11 U.S.C. §§ 541 and 1207. In 1989 and 1990, the real estate in question was farmed, and income was derived from the farming operation in the amount of $14,961.89. These funds were placed in an escrow account with the attorney for Defendant, Larry Stults, and are the subject of the present Motion for Summary Judgment. In his Motion, the Administrator of the Opal Stanza Estate seeks to have the crop proceeds in question used to satisfy administrative expense claims of Opal Stanza's probate estate. In support of this proposition, he cites §§ 18–14 and 18–20 of the 1979 Illinois Probate Act for the proposition that the money in the estate or money derived from estate assets is chargeable with the claims against the estate, expenses of administration, estate inheritance taxes, and other enumerated expenses.

■ As in a previous Opinion and Order entered by this Court in regard to a Motion for Summary Judgment filed by Defendant, United States of America/Internal Revenue Service, the Court finds that the real estate in question had passed to the Plaintiffs free of any liens or charges at the time of the bankruptcy filing herein, and, as such, said real estate was property of the Debtors' bankruptcy estate pursuant to §§ 541(a)(1) and 1207 of the Bankruptcy Code. Given this finding, the Court also concludes that the income derived from the crops grown on the real estate during the years 1989 and 1990 was also property of the bankruptcy estate pursuant to 11 U.S.C. § 1207. The only rights which the Administrator of the Opal Stanza Estate had concerning sale of the real estate in question to satisfy claims of the Opal Stanza probate estate had expired pursuant to Ill.Rev.Stat., Chap. 110½, ¶ 20–4(c) (1979), in that the Administrator had failed to sell the real estate within three years of the date of the death of Opal Stanza. Given that the real estate passed to the Plaintiffs/Debtors herein free of any charges or other liens, the Court can easily find that the income derived from crop sales following the date of Debtors' bankruptcy petition was clearly property of the bankruptcy estate pursuant to § 1207(a)(1). As such, it is not reachable by the probate estate for payment of its administrative expenses.

■ Even though the Administrator of the Opal Stanza Estate presently holds the money in question, the Court finds that he is merely a custodian as defined in 11 U.S.C. § 101(11) and, as such, should be compelled to turn over the crop sale income from the years 1989 and 1990 to the Debtors' bankruptcy estate.

■ Even if the Court were to find that the crop sale proceeds in question were not property of the bankruptcy estate and thus subject to the jurisdiction of the Probate Court, said funds could not be used to pay the administrative expenses for which they are sought to be used. Pursuant to the Principal and Income Act found at 760 ILCS 15/1, *et seq.,* all expenses incurred in connection with the settlement of a decedent's estate shall be charged against the principal of the estate. *See:* 760 ILCS 15/6(a). The predecessor to this section is found at § 5 of the Principal and Income Act of 1941, Ill.Rev. Stat., Chap. 30, § 163 (1979), and it has been held that this version of the Principal and Income Act precludes use of farm income during probate administration for the payment of expenses of administration. *See: Matter of Estate of Enright,* 106 Ill.App.3d 914, 62 Ill.Dec. 655, 436 N.E.2d 681 (4th Dist.1982). *See also: Estate of Hall,* 127 Ill.App.3d 1031, 82 Ill.Dec. 844, 469 N.E.2d 378 (4th Dist.1984), holding that *Enright* is still applicable under the 1982 version of the Act and again holding that farm income during administration was not available for the payment of expenses of administration. In the present case, it is clear that the money which is sought to be used by the Administrator for payment of probate estate expenses is income as that term is defined in § 4(a) of the Principal and Income Act. Given this finding, the Court concludes that, even if these crop sale proceeds were not vested in the Plaintiffs/Debtors and were not clearly property of the bankruptcy estate, these proceeds would be income earned during the administration of the Opal Stanza Estate and could not be used to satisfy expenses of administration in that estate. As such, the Debtor, Jack White, as sole devisee of Elbert Stanza, who in turn was the sole heir of Opal Stanza, would be entitled to the crop sale proceeds now held by the Administrator of the Opal Stanza Estate without deduction for payment of any expenses of administration, including estate and inheritance taxes.

Based upon the undisputed facts in this matter and the Court's conclusions of law, the Court finds that the Motion for Summary Judgment filed by Defendant, Larry Stults, Administrator of the Estate of Opal Stanza, filed on July 15, 1994, must be denied.